UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-81522-BLOOM/Valle

JOHN LAGE, and
MARIA MANTILLA,

    Plaintiffs,

v.

OCWEN LOAN SERVICING LLC,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court upon Defendant Ocwen Loan Servicing LLC's Motion to Dismiss Plaintiff's Complaint with Prejudice ("Motion"), ECF No. [16]. The Court has reviewed the Motion, all opposing and supporting filings, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Court now denies Defendant's Motion.

### I.  Introduction

Plaintiffs, John Lage and Maria Mantilla (collectively, "Plaintiffs"), commenced this action on December 8, 2014, asserting a violation of the Real Estate Settlement Procedures Act ("RESPA") and 12 C.F.R. § 1024.30 *et seq.* ("Regulation X") (Count I), and common law negligence stemming from the violation of RESPA and Regulation X (Count II). *See* Compl., ECF No. [1]. These accusations arise from Defendant Ocwen Loan Servicing LLC's failure to review Plaintiffs' loss mitigation application and otherwise abide by the loss mitigation procedures provided by RESPA and Regulation X. *See id.* at ¶¶ 16-27.

Plaintiffs are residents of Palm Beach County, Florida, who own property in Boynton Beach, Florida, which was subject to and secured by a mortgage loan serviced by Defendant Ocwen Loan Servicing LLC ("Ocwen").  *See id.* at ¶¶ 1, 6.  Plaintiffs fell behind on their mortgage payments, resulting in the filing of a foreclosure action against them in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  *Id.* at ¶ 9.  Subsequently, a foreclosure judgment was entered against Plaintiffs and in favor of non-party GMAC Mortgage LLC on March 14, 2014.[1]  *Id.*  According to the Complaint, Plaintiffs submitted a loss mitigation application to Ocwen "[s]ometime prior to January 28th, 2014."  *Id.* at ¶ 10.  In response to the loss mitigation application, the presiding state court judge rescheduled the foreclosure sale date to March 14, 2014.  *Id.*  Although Plaintiffs submitted their loss mitigation application to Ocwen, Ocwen took no action, failing to evaluate or respond to the application within thirty (30) days as required by Regulation X.  *See id.* at ¶ 11.  However, Ocwen did respond, eventually.  *See id.* at ¶ 12.  On March 9, 2014, well beyond the thirty-day window, Ocwen denied the loss mitigation application because at the time of the denial letter, the sale was scheduled within seven business days, evidently as a result of their unnecessary delay.  *Id.*  Accordingly, Plaintiffs commenced the instant action, seeking actual and statutory damages for the aforementioned violations.

Ocwen now moves to dismiss the Complaint with prejudice, asserting that Plaintiffs' loss mitigation application was filed prior to the effective date of Regulation X, and, therefore, Ocwen could not have been in violation of those provisions.  Mot., ECF No. [16].

---

[1] The state court record indicates that March 14, 2014, is the date of the foreclosure sale, not the judgment.  *See* Mot., ECF No. [16] at 25 (State Court Docket).  Final judgment appears to have been issued on October 1, 2013.  *Id.*

**II.     Legal Standard**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). When reviewing such a motion, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true.").

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

**III.    Discussion**

Regulation X places various obligations on servicers if the servicer "receives a complete loss mitigation application more than 37 days before a foreclosure sale" including performing an evaluation "within 30 days of receiving a [] complete loss mitigation application."  12 C.F.R. § 1024.41(c).  This provision bears an effective date of January 10, 2014.  *See* Amendments to the 2013 Mortgage Rules Under the Equal Credit Opportunity Act (Regulation B), Real Estate Settlement Procedures Act (Regulation X), and the Truth In Lending Act (Regulation Z), 78 Fed. Reg. 60382-01 (Oct. 1, 2013) ("This final rule is effective January 10, 2014.").  Thus, any application completed prior to Regulation X's effective date presumably does not invoke the protections of the statute as to do so would require retroactive application, a highly detested practice.  Indeed, the Supreme Court has noted that "[r]etroactivity is not favored in the law," and, "[t]hus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988).

In short, Ocwen contends that "Plaintiffs[] allege that their complete application was filed before January 10, 2014, and so Ocwen was not under any statutory duty to evaluate the application subject to the terms and provisions of Regulation X."  Mot., ECF No. [16] at 5. While Plaintiffs are nonspecific with regard to the exact date on which they submitted their complete loss mitigation application, simply noting that such an application was filed "[s]ometime prior to January 28th, 2014," see Compl., ECF No. [1] at ¶ 10, the Complaint certainly does not state that the mitigation application was filed before January 10, 2014.  Ocwen essentially requests that the Court make the unreasonable, unsubstantiated, and illogical inference that if the application was submitted prior to January 28, 2014, then it must have been

4

submitted before January 10, 2014.  Absent documentary evidence to the contrary, the Court declines to draw such an inference.  However, Ocwen does direct the Court to potential documentary evidence attached to Plaintiffs' Complaint.

The attachment to Plaintiffs' Complaint, a letter from Plaintiffs' counsel dated September 4, 2014, appears to indicate that the loss mitigation application was received shortly *before* Regulation X became effective: "[Plaintiffs] submitted a complete loan modification in January of 2014.  *Shortly after their application was received*, the current version of Regulation X became effective."  Qualified Written Request/Notice of Error, ECF No. [1-1] at 1.  "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).  Accordingly, Ocwen again implores the Court to assume that the Plaintiffs' application was filed prior to January 10, 2014.  The Court prefers to allow the factual circumstances to develop further before a drastic remedy such as dismissal with prejudice is permitted.  It remains uncertain when the loss mitigation application was completed and submitted to Ocwen.

Nevertheless, the Court takes this opportunity to express its uncertainty regarding Ocwen's ultimate argument.  Ocwen essentially contends that if Plaintiffs submitted their application on January 9, 2014, at 11:59 p.m., they would have no obligation under the regulation, as it did not become effective until January 10, 2014.  First, the authority cited in support by Defendant is factually inapposite.  In *Campbell v. Nationstar Mortgage*, the Eastern District of Michigan found that a plaintiff could not sustain an action under RESPA pursuant to a violation of 12 C.F.R. § 1024.41.  *See* No. 14-CV-10645, 2014 WL 3808934, at *5 (E.D. Mich. May 19, 2014).  The court dismissed the claim, noting that the regulation was not in effect at the

time of the foreclosure; indeed, sale of the subject property had occurred almost six months prior to the effective date of Regulation X. *See id.* at *2 (providing July 11, 2013, as the date of sheriff's sale). Accordingly, the Court rightfully dismissed the plaintiff's RESPA claim as she was seeking enforcement of a statute that was not in effect during the relevant time period. *See id.* at *5; *see also Ray v. U.S. Bank Nat. Ass'n*, No. 14-CV-11831, 2015 WL 400918, at *1, 4 (E.D. Mich. Jan. 28, 2015) (finding RESPA could not be applied where the regulation became effective "more than six months after the property was sold at the foreclosure sale"). That factual scenario stands in stark contrast to the one presented here, wherein Plaintiffs may have submitted their application "shortly" before Regulation X became effective, and the foreclosure sale had yet to occur. In fact, the state court had pushed the foreclosure date back forty-five days ostensibly so as to allow Plaintiffs to pursue relief under RESPA's protections. *See* Response, ECF No. [17] at 2 (noting that the January 28th date "is significant and memorable because it was the same date that the state court entered an order rescheduling the sale date in order to give Plaintiffs an opportunity to pursue loss mitigation"); *see also* Mot., ECF No. [16] at 23 (containing state court docket entry number seventy-one, an order rescheduling the sale date from January 28, 2014, to March 14, 2014). Second, RESPA is a consumer protection statute, and, as a result, it is to be "construed liberally in order to best serve Congress' intent." *McLean v. GMAC Mortgage Corp.*, 398 F. App'x 467, 471 (11th Cir. 2010) (citing *Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006) and quoting *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 707 (11th Cir. 1998)). Such a harsh interpretation appears to conflict with the nature and purpose of the statute. The Court is not persuaded that Ocwen was free to utterly neglect Plaintiffs' application had it been filed a mere one minute, or even a single day, prior to the effective date of Regulation X. Moreover, Ocwen has presented no authority that directly

supports such a proposition; as noted, the courts that have addressed related matters are not factually analogous.[2]

## IV. Conclusion

The Court finds that further factual development is necessary and respectfully declines to dismiss Plaintiffs' Complaint based on the arguments presented. For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that

1. Defendant Ocwen Loan Servicing LLC's Motion to Dismiss Plaintiff's Complaint with Prejudice, **ECF No. [16]**, is **DENIED**.

2. Defendant shall file an Answer to the Complaint no later than **February 25, 2015.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 11th day of February, 2015.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

---

[2] Interestingly, Ocwen primarily relies upon a consumer guide published by the Consumer Financial Protection Bureau ("CFPB"). The guide, "Help For Struggling Borrowers," states that

> Any borrower who files a complete loss mitigation application on or after January 10, 2014 and more than 37 days before a foreclosure sale is entitled to an evaluation of the complete loss mitigation application for all available loss mitigation options (so long as the conditions of 12 C.F.R. 1024.41 are met).

*See* CFPB, Help for Struggling Borrowers: A guide to the mortgage servicing rules effective on January 10, 2014, at 8 (January 28, 2014) (available at http://files.consumerfinance.gov/f/201402 _cfpb_mortgages_help-for-strugglingborrowers.pdf). This non-binding authority goes on to note that "[t]he servicer must conduct this evaluation *even if the borrower previously filed for, was granted, or was denied a loss mitigation plan before January 10, 2014*." *Id.* (emphasis added). Thus, based on this language, even this authority fails to confirm that a servicer is free to ignore an application filed before January 10, 2014. The facts, accepted as true, reveal that Ocwen took absolutely no action when Plaintiffs attempted to obtain the benefits of the loss mitigation procedures in 12 C.F.R. § 1024.41, well before the sale of the subject property.

7

Counsel of Record